IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-20009 |
| ) | |
| THOMAS JAMES, ) | |
| ) | |
| Defendant. ) | |

## MOTION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS

The United States of America, by Patrick D. Hansen, Acting United States Attorney, and Gail L. Noll, Assistant United States Attorney, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

## SUPPORTING SUGGESTIONS

1.  On June 7, 2017, a federal grand jury sitting in the Central District of Illinois returned a Superseding Indictment against the defendant, Thomas James, charging the defendant with two counts of Obstruction of Commerce by Robbery, in violation of Title 18, United States Code, Section 1951; and one count of Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii); and one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1).

2. The Superseding Indictment sought forfeiture, pursuant to 18 U.S.C. §924(d) and 28 U.S.C. § 2461(c), of all firearms, magazines and ammunition involved in or used in the commission of the offenses alleged in the Superseding Indictment, including, but not limited to one (1) Hi-Point 9mm Handgun, bearing Serial No. P1695274, and all ammunition contained therein.

3. On June 21, 2017, the defendant entered a plea of guilty to all counts of the Superseding Indictment and admitted the conduct which formed the basis for the forfeiture of the above firearm and ammunition.

4. Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

> (a) As soon as practicable after entering a guilty verdict or accepting a plea of guilty or *nolo contendere* on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
> (b) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property
>
> without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule

    32.2(c).

    (c)    The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.   The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

5. Based upon the defendant's admissions at the change of plea hearing and the evidence presented by the Government, the United States has established the requisite nexus between the firearm and ammunition sought to be forfeited and the offenses to which the defendant has pleaded guilty. Accordingly, the above firearm and ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. §924(d)(1).

6. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 28 U.S.C. §2461(c), incorporating by reference 21 U.S.C. §853, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order and the government's intent to dispose of the property in the manner prescribed by the Attorney General, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Gail L. Noll, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.   This

notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.   Publication may consist of posting notice for a period of thirty days on www.forfeiture.gov, an internet site maintained by the U.S. Department of Justice.

    7.   In accordance with the provisions of 18 U.S.C. 924(d) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the specific property subject to forfeiture, whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

    WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the above-described property and order the United States, or its agents or designees, to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

    Respectfully submitted,

    PATRICK D. HANSEN
    ACTING UNITED STATES ATTORNEY

    By s/ Gail L. Noll
    Gail L. Noll, IL Bar No. 6243578
    United States Attorney's Office
     318 South 6th Street
    Springfield, Illinois 62701
    (217) 492-4450
    Fax: (217) 492-4888
    E-mail: gail.noll@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on September 5, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

    s/ Gail L. Noll
Gail L. Noll, IL Bar No. 6243578
United States Attorney's Office
 318 South 6th Street
Springfield, Illinois 62701
(217) 492-4450
Fax: (217) 492-4888
E-mail: gail.noll@usdoj.gov